UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER T. COWART,

    Petitioner,

v.                                       CASE NO. 8:12-cv-2515-T-23TBM

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Christopher T. Cowart timely petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of his state conviction for felony criminal mischief. After carefully reviewing the Petition,[1] the Response[2] with numerous supporting exhibits,[3] and Petitioner's Reply,[4] the Court concludes that the petition should be denied.

---

[1] *See* docket 1.

[2] *See* docket 10.

[3] *See* docket 12.

[4] *See* docket 15.

## PROCEDURAL AND FACTUAL BACKGROUND

On February 19, 2009, a jury returned a guilty verdict for the third-degree felony of criminal mischief[5] for damages in excess of $1,000 to Alissa Peeples' property.[6] Peeples was Cowart's former girlfriend. The crime occurred when Cowart entered Peeples' home and shattered and destroyed her property, including cabinets, televisions, a washer and dryer, a microwave, a toilet, and some of her clothes. Cowart admitted these facts in his testimony at trial.[7]

Cowart was sentenced to ten years in prison as a habitual felony offender on April 22, 2009.[8] He filed a direct appeal.[9] The sole issue raised on appeal was whether the taped conversation between Peeples and Cowart should have been excluded from evidence based on its inaudibility.[10] That issue is not relevant to the issues raised in this habeas proceeding. The appeal was affirmed *per curiam* without

---

[5] Section 806.13, Florida Statutes (2007), makes criminal mischief a third-degree felony if the damage to real or personal property belonging to another is $1,000 or greater. The jury found Petitioner not guilty of burglary of an unoccupied dwelling. *See* docket 12, Exh. 2.

[6] *See* docket 12, Exhs. 1 & 2. The offense occurred in November 2008.

[7] *See* docket 12, Exh. 23 pp. 513-516, 545-569.

[8] *See* docket 12, Exh. 3.

[9] *See* docket 12, Exh. 4.

[10] *See* docket 12, Exhs. 5 & 6.

opinion by the state appellate court on May 5, 2010.[11] The mandate issued June 1, 2010.[12]

On July 22, 2010, Cowart filed a petition for writ of habeas corpus in the state appellate court raising ineffective assistance of appellate counsel.[13] Cowart argued that appellate counsel failed to raise certain issues on appeal, including the failure to argue that the trial court erred in denying the motion for judgment of acquittal on the criminal mischief charge based on the insufficiency of the evidence. The state appellate court denied the writ.[14] Cowart filed a motion for rehearing specifically alleging that the oral motion for judgment of acquittal was based on the assertion that the state failed to prove the property value amount.[15] The state appellate court denied rehearing on October 28, 2010.[16]

In December 2010, Cowart filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rule of Criminal Procedure. Cowart raised two grounds of ineffective assistance of counsel.[17] Ground one alleged that trial counsel was ineffective for failing to request documentation of the cost of repairs to the damaged

---

[11] *See* docket 12, Exh. 7.

[12] *See* docket 12, Exh. 7.

[13] *See* docket 12, Exh. 8.

[14] *See* docket 12, Exh. 9.

[15] *See* docket 12, Exh. 10 p. 5.

[16] *See* docket 12, Exh. 10.

[17] *See* docket 12, Exh. 11.

property and for failing to file a motion to prevent testimony based on the lack of documentation. Ground two makes the same allegation regarding documentation of replacement costs. Cowart surmised that had trial counsel requested proof of cost of repairs and replacement property, trial counsel could have filed a motion to bar the victim's testimony regarding the cost of repair and replacement based on the state's failure to disclose such documentation. He reasoned that had the victim's testimony regarding cost been barred, there would have been no evidence of cost of repair and replacement at trial because the victim's testimony was the only evidence that established the threshold $1,000 amount. Absent sufficient evidence of the damage, Cowart contended there is a strong probability he would have been convicted of only the lesser offense of misdemeanor criminal mischief.

In the court-ordered response,[18] the state argued that the testimony of the property owner with personal knowledge of the cost of repair constitutes substantial, competent evidence of damage greater than $1,000, and cited *L.D.G. v. State*, 960 So.2d 767 (Fla.Dist.Ct.App. 2007).[19] The state emphasized that photographs of the severely damaged home were introduced and provided a basis for "self-evident" damage in excess of $1,000, and cited *A.D. v. State*, 866 So.2d 752 (Fla.Dist.Ct.App.

---

[18] *See* docket 12, Exh. 13.

[19] In *L.D.G.*, the state appellate court held that the vehicle owner's testimony that she paid $1,250 in repairs constituted *prima facie* proof by competent, substantial evidence that the damage exceeded $1,000.

2004).[20]  The victim, Peeples, testified at trial to the cost of repairs and replacement, the condition of the original items, and the date of purchase.  The trial transcript, which is part of the record in this habeas proceeding, includes the following testimony.[21]

Peeples testified that she paid $50 to re-hang the kitchen cabinets that were torn down and $100 for the clean-up of all the glass on the floor from the cabinet doors and three televisions that were broken and shattered.[22]  She paid $40 or $50 to replace one television, which she originally purchased a year earlier at a yard sale for $30.  For a second television, for which she paid $500 two years before the incident, she purchased a similar replacement for $500.  A third, 65-inch, high-definition television cost her $5,500 two years before the incident, and she purchased a 65-inch flat-screen replacement for approximately $5,500.  For $100, she replaced the toilet that was smashed to pieces.  She testified as to the initial cost of various other articles that were damaged or destroyed.  For example, one year prior to the incident, she paid $1,500 for the washer and dryer and $300 for the stove and oven.  Two years prior to the incident, she paid $30 for the microwave and $150 for the entertainment

---

[20]  In *A.D.*, the state appellate court cited *Clark v. State*, 746 So.2d 1237 (Fla.Dist.Ct.App. 1999), and held that although certain repairs may be "so self-evident that the fact-finder could conclude based on life experience that the statutory damage threshold has been met," the photographs of the house did not demonstrate, even when coupled with the victims' testimony, damages in excess of $1,000.

[21]  *See* docket 12, Exh. 23.

[22]  *See* docket 12, pp. 387-398 (testimony regarding all items repaired or replaced).

center. Destroyed items with no cost mentioned included the food from the refrigerator that had been thrown on the floor and her clothes that had been doused with bleach. The state, in its response, concluded that documentation was unnecessary in view of the victim's testimony of what she personally paid for the repairs and replacements, as well as the photographs depicting the magnitude of the destruction.

In its order of denial on November 8, 2011, the post-conviction court found in pertinent part:

> [E]ven if counsel had requested proof of the amount of damages, and could use such proof to impeach the victim's testimony regarding the amount of damages, Defendant still cannot demonstrate prejudice because the photographs of the damage would still be admissible. The Court finds the photographs admitted into evidence of the damages were sufficient for a jury to determine damages, thereby leaving the verdict unchanged.[23]

The appeal of the denial of post-conviction relief was affirmed *per curiam* without opinion on September 28, 2012.[24] The mandate issued October 24, 2012.[25]

## GROUND FOR FEDERAL HABEAS RELIEF

Cowart timely filed his petition for writ of habeas corpus with this Court on November 5, 2012.[26] Cowart asserts that he was denied the right to effective

---

[23] *See* docket 12, Exh. 15.

[24] *See* docket 12, Exh. 20.

[25] *See* docket 12, Exh. 21.

[26] *See* docket 1.

assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution when trial counsel failed to request documentation regarding the amount Peeples paid to repair or replace the damaged property. Cowart contends that Peeples' testimony is unreliable without proof of documentation. He claims that, had counsel requested the documentation, it would have proved that the damage was between $200 and $1,000, and the jury would have found him guilty of only misdemeanor criminal mischief.

## Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Cowart's petition. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000). Section 2254(d) creates a highly deferential standard which does not permit federal habeas relief with respect to a claim adjudicated on the merits in state court unless either (1) the "contrary to" or "unreasonable application" clauses of subsection (d)(1) are met or (2) the state court decision was based on "an unreasonable determination of the facts in light of the evidence presented" under subsection (d)(2). *See Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (interpreting the deferential standard); *Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001) (explaining the standard and noting the presumption of correctness attributed to a factual issue decided by state court).

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 525 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, — U.S. —, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holding of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The AEDPA modified a federal habeas court's role in reviewing the state prisoner applications in order to prevent federal habeas 're-trials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. A federal court must afford due deference to a state court's decision. "The AEDPA prevents defendants– and federal courts– from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779, 130 S.Ct. 1855, 1866, 176 L.Ed.2d 678 (2010). *See also Cullen v. Pinholster*, —

- 8 -

U.S. — , 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (stating section 2254(d) creates "a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" (citations omitted).

The state appellate court's affirmance of the denial of Cowart's Rule 3.850 motion to vacate warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.2d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906, 123 S.Ct. 1511, 155 L.Ed.2d 225 (2003). *See also Richter*, 131 S.Ct. at 784-85 (stating that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S.Ct. at 1398. Cowart bears the burden of overcoming by clear and convincing evidence a state court's factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046, 122 S.Ct. 627, 151 L.Ed.2d 548 (2001). The state court's rejection of Cowart's post-conviction claims warrants deference in this case.

## Standard for Ineffective Assistance of Counsel

Cowart claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Water v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). A petition claiming ineffective assistance of counsel for counsel's performance must meet the two-part standard established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88; *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir.

1998). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Strickland*, 466 U.S. at 688.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Cowart must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691-92. To meet this burden, Cowart must show "a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Cowart cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987)).

Cowart must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State

- 12 -

court proceedings." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S.Ct. at 788. *See also Pinholster*, 131 S.Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir 2001) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceedings.").

## ANALYSIS

Cowart contends that his trial counsel rendered ineffective assistance by his failure to request documentation of the cost of repairs and the proof of replacement. His argument hinges on the reasoning that, had trial counsel requested the documents, trial counsel would have been able to test the reliability of Peeples' testimony about how much she paid for repairs and for replacement. This is essentially the same issue raised before the state court in his post-conviction motion – that trial counsel should have asked for documents supporting Peeples' testimony. Cowart's claim fails to allege, however, that the documents, if any existed, would have contradicted Peeples' testimony and therefore enable trial counsel to better cross-examine Peeples.

Trial counsel attacked the credibility of the victim through cross-examination and a motion for judgment of acquittal. The oral motion for judgment of acquittal was directed to the state's failure to establish the $1,000 threshold.[27] At the close of the state's case, the trial court denied the motion and noted that Peebles testified to the value and the replacement costs of many items including the $5,500 for the large television.[28] At the close of all the evidence, upon a renewed motion for judgment of acquittal, the trial court reiterated its ruling as follows:

> Although the Court is aware that testimony of cost of the items alone is insufficient, this victim has testified that she replaced at least one of the items, being a 65-inch TV, for $5,500, which exceeds the thousand dollars, so I'm going to allow all of these issues to go to the jury.[29]

Florida law permits a property owner to provide first-hand knowledge of the cost of repairs. *See L.D.G. v. State*, 960 So.2d 767 (Fla.Dist.Ct.App. 2007) (holding victim's testimony that she paid $1,250 to repair her vehicle, was *prima facie* proof by substantial, competent evidence that damage exceeded $1,000). In the post-conviction proceedings, the state argued that Peeples' sworn testimony of her personal knowledge of the date of purchase, price of purchase, and current condition of the items was substantial, competent evidence for the cost of repairs and replacement. In addition to Peeples' testimony, the state argued that the testimony of other witnesses regarding the extensive damage at the scene and the photographs of

---

[27] *See* docket 12, Exh. 23, p. 502.

[28] *See* docket 12, Exh. 23, p. 503.

[29] *See* docket 12, Exh. 23, p. 570.

the damage constitute evidence of the damage.  At the time of the incident and trial, Florida law considered certain repairs to be "so self-evident that the fact-finder could conclude based on life experience that the statutory damage threshold has been met." *See A.D. v. State*, 866 So.2d 752, 753-54 (Fla.Dist.Ct.App. 2004) (citing *Clark v. State*, 746 So.2d 1237 (Fla.Dist.Ct.App. 1999)).[30]  While the so-called "life experience" exception to proof of the damage threshold is no longer valid,[31] Peeple's testimony provided much more detailed information of the value than in prior cases in which the victim's testimony was held insufficient.[32]

The state court's finding that no prejudice was shown under the *Strickland* standard was a reasonable application of *Strickland*.  Peeple's testimony was more than sufficient to establish the value of the damage met the $1,000 threshold of felony criminal mischief.  The cost of replacement of the 65-inch television alone was

---

[30] *See also T.B.S. v. State*, 935 So.2d 98 (Fla.Dist.Ct.App. 2006) (citing *A.D.* and *Clark* with approval).

[31]   The "life experience" exception to requiring proof of the damage threshold in felony criminal mischief was originally espoused in *Jackson v. State*, 413 So.2d 112, 114 (Fla.Dist.Ct.App. 1982). *Jackson* and "the other decisions in this context that apply a 'life experience' exception" were later disapproved. *Marrero v. State*, 71 So.2d 881, 891 (Fla. 2011). The Florida Supreme Court noted that the court of appeal's case was "the first time that a district court has actually applied a 'life experience' exception to affirm a conviction of *felony* criminal mischief." *Marrero*, 71 So.2d at 890 (emphasis in original). The "life experience" exception was deemed inapplicable to felony criminal mischief in *Marrero*.

At the time of Cowart's crime in 2008, and at the time of the trial in 2009, the "life experience" exception was the applicable law in the Second District of Florida. The post-conviction court's conclusion that the photographs alone were sufficient to determine damages under the "life experience" exception does not alter that *Strickland* was reasonably applied.

[32]   *See T.B.S., A.D., and S.P. v. State*, 884 So.2d 136 (Fla.Dist.Ct.App. 2004).

- 15 -

$5,500. There is no allegation that any documents even existed, much less that any such documents contained material for impeachment of Peeples. Trial counsel's performance in failing to request specific documentation of the cost of repair or replacement cannot be deemed deficient under the duty to investigate absent some suggestion that the amounts to which Peeples testified were patently false. The state court's decision resulted in a reasonable application of *Strickland* as to both the deficiency and prejudice elements.[33]

The petition for the writ of habeas corpus (Dkt. 1) is **DENIED**. The Clerk is directed to enter judgment in favor of the respondent, to terminate any pending motion, and to close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Cowart is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue

---

[33] In a similar case in which federal habeas relief was denied, the post-conviction court reached the same result. *See Petty v. Sec'y Dep't of Corrs.*, No. 1:09-cv-171-MMP-GRJ, 2012 WL 4093381, at *12 (N.D. Fla. Aug. 14, 2012). Petty was convicted of felony criminal mischief among other crimes. Petty raised an ineffective assistance claim directed to trial counsel's failure to object to the state's proof that damages to a windshield were over $1,000. The victim produced a repair bill of $575, but testified at trial that Petty told her the insurance company had paid $4,400 to repair the windshield. The officer who responded to the scene testified that the damages were extensive, and the state produced photographs of the damage to the vehicle. Trial counsel did not object to the victim's testimony. In the motion for judgment of acquittal, trial counsel argued that the state failed to prove over $1,000 in damages. The post-conviction court, citing *A.D.* and *Clark*, ruled that any objection to the victim testifying about the amount of damages would have been futile. Petty's admission of the insurance payment coupled with the photographs of the damage were sufficient to prove the statutory threshold. The habeas court found that the denial was neither contrary to nor an unreasonable application of *Strickland*.

a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Cowart must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Cowart is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Cowart must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 18, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE